IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARLIS KENTRICK WILSON, # 252608, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHRISTOPHER GORDY, *et al.*, )<br>)<br>Respondents. ) | Case No. 2:17cv559-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on petitioner Arlis Kentrick Wilson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.  Wilson, an Alabama prisoner, presents claims challenging his 2015 Pike County, Alabama guilty plea convictions for first-degree robbery and second-degree theft of property.  He was sentenced to concurrent terms of 386 months of imprisonment.  In his § 2254 petition, he argues that (1) he was mentally incompetent to stand trial or plead guilty, and (2) his trial counsel was ineffective for failing to request that he receive a competency evaluation and competency hearing. Doc. 1 at 5; Doc. 2 at 4–10.

In an answer filed on September 1, 2017, the respondents argue that Wilson has not exhausted his available state-court remedies regarding his claim that he was mentally incompetent to stand trial or plead guilty. Doc. 9.  In light of the arguments and evidence presented by the respondents with their answer, the court entered an order allowing Wilson

to demonstrate why his petition should not be dismissed without prejudice for his failure to exhaust state court remedies. Doc. 10. Wilson did not file a response to this order.

## II. DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To fully exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan, supra*, 526 U.S. at 845. The same reasoning applies for state post-conviction appeals and for direct appeals. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

The pleadings and evidentiary materials in this case reflect that Wilson has not exhausted his state-court remedies regarding his claim that he was mentally incompetent to stand trial or plead guilty. Wilson took no direct appeal, and he did not present his competency claim before pleading guilty or in a state-court Rule 32 petition he filed in August 2015. *See* Docs. 9-2 & 9-3. Alabama law recognizes that, where a petitioner

2

asserting his incompetency raises a substantive due process claim—that is, a claim that he was tried and convicted or pleaded guilty while he was mentally incompetent—the claim is not subject to procedural bars, including those in Rule 32 of the Alabama Rules of Criminal Procedure. *See Nicks v. State*, 783 So. 2d 895, 908–09 (Ala. Crim. App. 1999); *Thomas v. State*, 908 So. 2d 308, 309 (Ala. Crim. App. 2004). Therefore, Wilson may still raise his unexhausted competency claim in a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, and this claim would not be subject to preclusion under Rule 32.2(a), 32.2(b), or 32.2(c).[1]

As a result, it would not be appropriate to rule on the merits of Wilson's competency claim without first requiring that he exhaust his state-court remedies.[2] The court therefore concludes that this § 2254 petition should be dismissed without prejudice so Wilson may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice to afford Wilson an opportunity to exhaust his available state court remedies on his competency claim.

It is further ORDERED that on or before **October 27, 2017** the parties may file

---

[1] Rules 32.2(a)(2) to (4) of the Alabama Rules of Criminal Procedure preclude a post-conviction petitioner from obtaining relief on claims that were, or could have been, raised at trial or on appeal. Rule 32.2(b) generally bars successive Rule 32 petitions. Rule 32.2(c) provides a one-year limitation period, subject to certain exceptions, for filing a Rule 32 petition.

[2] From a review of the evidentiary materials included with the respondents' answer, it does not appear that either claim in Wilson's § 2254 petition was litigated in the state-court proceedings on his Rule 32 petition.

objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

     DONE on the 13th day of October, 2017.

     /s/ Gray M. Borden  
     GRAY M. BORDEN  
     UNITED STATES MAGISTRATE JUDGE